UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| JAMES VERRET, SR. | CIVIL ACTION |
|---|---|
| VERSUS | NUMBER:  21-969 |
| REC MARINE LOGISTICS, LLC, PIPELINE CONSTRUCTION & MAINTENANCE, INC. AND HILCORP ENERGY COMPANY | SECTION: |

## COMPLAINT

Plaintiff, James Verret, Sr., an individual of the full age of majority and domiciled in Terrebonne Parish, Louisiana, respectfully represents as follows:

I.

Made Defendants herein are:

A. REC MARINE LOGISTICS, LLC (hereinafter "REC Marine"), a domestic limited liability company, authorized to and doing business in the State of Louisiana, which has appointed Ronald Elie Chaddock as its registered agent for service of process, whose address is 4535 Highway 308, Raceland, Louisiana 70394;

B. PIPELINE CONSTRUCTION & MAINTENANCE, INC. (hereinafter "PCM), is a domestic corporation, authorized to and doing business in the State of Louisiana, which has appointed Randal McCann as its registered agent for service of process, whose address is 1246 Bayou Lacarpe Road, Houma, Louisiana 70363; and

C. HILCORP ENERGY COMPANY (hereinafter "Hilcorp"), a foreign corporation, authorized to and doing business in the State of Louisiana, which has appointed C

T Corporation System as its registered agent for the service of process, whose address is 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

II.

Plaintiff brings this action pursuant to 46 U.S.C. § 30104, more commonly known as the Jones Act.

III.

Jurisdiction of this matter is conferred by 28 U.S.C. §§ 1331 and 1333 (1); venue of this action is pursuant to 28 U.S.C. § 1391 (b) and (c). This action is filed without the prepayment of costs pursuant to 28 U.S.C. § 1916.

IV.

On and prior to April 13, 2021, Defendant, REC Marine, owned and operated a vessel known as the M/V LIL WEASEL, which was pushing a barge, the PCM-001. The PCM-001 was owned by Defendant, PCM. Both the M/V LIL WEASEL and the PCM-001 were also being operated by Defendants, Hilcorp and PCM.

V.

At all pertinent times, Defendant, REC Marine, employed Plaintiff, James Verret, as a Jones Act seaman assigned to the aforementioned vessel.

VI.

On or about April 13, 2021, Plaintiff was working aboard the M/V LIL WEASEL, which was upon navigable waters near Caillou Island. Despite knowing extremely bad weather was coming, Plaintiff was told to keep the vessel out, rather than coming in to shore. When the weather started, the vessel encountered strong winds and waves, which resulted in Plaintiff falling in the

wheelhouse and caused him to be seriously injured. This incident resulted from the negligence of Defendants, REC Marine, PCM and Hilcorp.

VII.

Plaintiff suffered severe injuries to his head, back, neck, shoulder and right leg.

VIII.

The above-described incident was caused by the negligence of Defendants, REC Marine, PCM and Hilcorp, their agents, servants, employees or others for whom they are legally responsible in the following, though not exclusive, respects:

A. By failing to provide Plaintiff with a safe place to work;

B. By placing Plaintiff in a dangerous position aboard the vessel;

C. By requiring Plaintiff to perform a task in a hazardous and dangerous manner; and

D. Other acts of negligence that will be demonstrated at the trial of this matter.

IX.

Thereafter, on or about April 17, 2021, Plaintiff was working as a Jones Act seaman in navigable waters aboard the M/V AMANDA A, a vessel owned and operated by Defendant, REC Marine. The M/V AMANDA A was also being operated by Defendant, Hilcorp.

X.

Plaintiff was instructed that he would be making a single-day trip, and getting relief the next day; however, Plaintiff did not get the relief he was advised and ended up not getting relief for several days.

XI.

During this trip, Plaintiff was pulling a cable to put it on a wench when he suffered further injury to his back.  This incident resulted from the negligence of Defendants, REC Marine and Hilcorp.

XII.

The above-described incident was caused by the negligence of Defendants, REC Marine and Hilcorp, their agents, servants, employees or others for whom they are legally responsible in the following, though not exclusive, respects:

    A.    By failing to provide Plaintiff with a safe place to work;

    B.    By placing Plaintiff in a dangerous position aboard the vessel;

    C.    By failing to provide Plaintiff with an adequate and properly trained crew;

    D.    By otherwise creating an unreasonable risk of harm that resulted in Plaintiff being injured; and

    E.    Other acts of negligence that will be demonstrated at the trial of this matter.

XIII.

Due to the injuries sustained by Plaintiff, James Verret, Sr., he has suffered grievous physical and mental pain and anguish, embarrassment, and is entitled to recover from Defendants, REC Marine, PCM and Hilcorp, the sum of ONE MILLION FIVE HUNDRED THOUSAND AND NO/100 ($1,500,000.00) DOLLARS.

SECOND CAUSE OF ACTION

XIV.

And now, Plaintiff, James Verret, Sr., alleges a second cause of action based on the general maritime law and reiterates all of the allegations contained in the foregoing paragraphs.

XV.

Under the general maritime law, it was the duty of Defendants, REC Marine, PCM and Hilcorp, as the owner and/or operator of the M/V LIL WEASEL and barge PCM 001, and Defendants, REC Marine and Hilcorp, as the owner and/or operator of the M/V AMANDA A to furnish its seamen employees with a safe place to work, with safe gear, appurtenances and equipment, with an adequate crew and a seaworthy vessel.

XVI.

Plaintiff shows that at the time and place of the occurrence of the incidents, on or about April 13, 2021, and April 17, 2021, Plaintiff was working aboard vessels in navigation and performing the type of work traditionally performed by seamen and, therefore, was owed the warranty of seaworthiness by Defendants, REC Marine, PCM and Hilcorp.

XVII.

Plaintiff avers that the failure of Defendants, REC Marine, PCM and Hilcorp, to provide Plaintiff with a safe place to work, by failing to provide an adequate and properly trained crew and/or by placing Plaintiff in a dangerous position aboard the vessel renders the M/V LIL WEASEL and the M/V AMANDA A unseaworthy, and that the unseaworthiness was a proximate cause of Plaintiff's incidents and injuries and the resulting illness and/or disability.

THIRD CAUSE OF ACTION

XVIII.

Now, Plaintiff, James Verret, alleges a third cause of action under the general maritime law for wages, maintenance and cure, past and future, and reiterates all of the allegations contained in the first two causes of action.

XIX.

Plaintiff avers that he is entitled additionally to wages, maintenance and cure, at the rate of FIFTY AND NO/100 ($50.00) DOLLARS per day, for any period after April 13, 2021, wherein Defendants have not paid Plaintiff wages, maintenance and cure, and to an undetermined date in the future during which he is unable to work and perform his duties as a seaman and has not reached maximum cure, which Plaintiff estimates to be in the sum of ONE HUNDRED THOUSAND AND NO/100 ($100,000.00) DOLLARS, and demands compensatory and punitive damages and attorney's fees in the event he is required to pursue by proper procedure the recovery of said maintenance and cure.

## JURY DEMAND

That, pursuant to the provisions of the aforesaid 46 U.S.C. § 30104, more commonly known as the Jones Act, Plaintiff is entitled to and demands a trial by jury on all issues related herein.

**WHEREFORE**, Plaintiff, James Verret, Sr., demands a judgment against Defendants, REC Marine Logistics, LLC, Pipeline Construction & Maintenance, Inc. and Hilcorp Energy Company, in the sum of ONE MILLION FIVE HUNDRED THOUSAND AND NO/100 ($1,500,000.00) DOLLARS, with legal interest from the date of injury, together with all costs and disbursements of this action, for all appropriate and general relief and for a trial by jury.

Plaintiff further demands judgment against Defendants for wages, maintenance and cure in the sum of ONE HUNDRED THOUSAND AND NO/100 ($100,000.00) DOLLARS.  Further, in the event it becomes necessary to pursue collection of maintenance and cure, Plaintiff demands compensatory and punitive damages, as well as attorneys' fees, against Defendants.

Plaintiff further prays for all general, legal, equitable and maritime relief available to him under the laws of the United States, and for a civil trial by jury.

Respectfully submitted:

_____
**C. ARLEN BRAUD, II, #20719**
**MICHELLE O. GALLAGHER, #23886**
**STEVEN D. JACKSON, #35841**
Braud & Gallagher, L.L.C.
111 N. Causeway Blvd., Ste. 201
Mandeville, LA 70448
Telephone:   (985) 778-0771
Facsimile:     (985) 231-4663
arlenb@braudandgallagher.com
michelleg@braudandgallagher.com
stevenj@braudandgallagher.com
***Counsel for Plaintiff, James Verret, Sr.***

**TO BE SERVED BY SUMMONS:**

**REC MARINE LOGISTICS, LLC**
*Through its registered agent:*
Ronald Elie Chaddock
4535 Highway 308
Raceland, Louisiana 70394

**PIPELINE CONSTRUCTION & MAINTENANCE, INC.**
*Through its registered agent:*
Randal McCann
1246 Bayou Lacarpe Road
Houma, Louisiana 70363

**HILCORP ENERGY COMPANY**
*Through its registered agent:*
C T Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816