# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES VERRET, SR.** | **CIVIL ACTION NO. 2:21-cv-00969** |
| *Plaintiff* | **SECTION B:** |
| | **SENIOR DISTRICT JUDGE IVAN L.R.** |
| **VERSUS** | **LEMELLE** |
| **REC MARINE LOGISTICS, LLC, PIPELINE CONSTRUCTION & MAINTENANCE, INC., AND HILCORP ENERGY COMPANY** | **DIVISION 5:** |
| | **MAGISTRATE JUDGE** |
| | **MICHAEL B. NORTH** |
| *Defendants* | |

## REC MARINE LOGISTICS, LLC'S
## ANSWER TO PLAINTIFF'S COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes defendant, REC Marine Logistics, LLC (hereinafter sometimes referred to as "REC" or "defendant"), which responds to the Complaint filed by plaintiff, James Verret, Sr. (hereinafter sometimes referred to as "plaintiff'"), as follows:

## FIRST DEFENSE

The Complaint fails to state a claim, cause, or right of action against REC upon which relief can be granted.

## SECOND DEFENSE

The Complaint is barred by the applicable period of prescription and/or statute of limitations, and/or laches.

## THIRD DEFENSE

**AND NOW,** without waiving any of the foregoing defenses, REC responds to the specific allegations of plaintiff's Complaint categorically and by paragraph as follows:

1

1.

The domiciliary and service allegations contained in Paragraph I, Subpart A of the Complaint are admitted. The allegations contained in Paragraph I, Subparts B and C, are denied for lack of sufficient information to justify a belief therein.

2.

The allegations contained in Paragraph II of the Complaint are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in Paragraph III of the Complaint state conclusions of law which require no response on the part of REC. To the extent a response is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

4.

It is admitted that on or about April 13, 2021, REC was the owner and operator of the M/V LIL WEASEL. The remainder of the allegations contained in Paragraph IV of the Complaint are denied.

5.

It is admitted that on April 13, 2021, plaintiff was employed by REC. Except as specifically admitted, the allegations contained in Paragraph V of the Complaint are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraph VI of the Complaint are denied to the extent that they pertain to REC. To the extent the allegations pertain to any other party, such are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph VII of the Complaint are denied.

8.

The allegations contained in Paragraph VIII of the Complaint, including all subparts, are denied to the extent that they pertain to REC. To the extent the allegations pertain to any other party, such are denied for lack of sufficient information to justify a belief therein.

9.

It is admitted that, on or about April 17, 2021, REC was the operator of the M/V AMANDA A. The remainder of the allegations contained in Paragraph IX of the Complaint are denied for lack of sufficient information to justify a belief therein.

10.

The allegations contained in Paragraph X of the Complaint are denied.

11.

The allegations contained in Paragraph XI of the Complaint are denied.

12.

The allegations contained in Paragraph XII of the Complaint, including all subparts, are denied.

13.

The allegations contained in Paragraph XIII of the Complaint are denied.

14.

In Paragraph XIV, plaintiff reiterates all of the allegations contained in the previous paragraphs of his Complaint. Accordingly, REC re-alleges and re-avers all answers and defenses set forth in response to those previous paragraphs.

15.

The allegations contained in Paragraph XV of the Complaint state conclusions of law which require no response on the part of REC. To the extent a response is deemed necessary, REC avers that, at all pertinent times, plaintiff was provided with a safe place to work, with safe gear, appurtenances and equipment, and with an adequate crew and a seaworthy vessel. With respect to any allegations contained in Paragraph XV which pertain to parties other than REC, such allegations are denied for lack of sufficient information to justify a belief therein.

16.

The allegations contained in Paragraph XVI of the Complaint state conclusions of law which require no response on the part of REC. To the extent a response is deemed necessary, the allegations of Paragraph XVI are denied for lack of sufficient information to justify a belief therein. Furthermore, to the extent plaintiff was owed a duty of seaworthiness, REC avers that at all pertinent times the M/V LIL WEASEL and the M/V AMANDA A were seaworthy and fit for the service in which they were engaged. With respect to any allegations contained in Paragraph XVI which pertain to parties other than REC, such allegations are denied for lack of sufficient information to justify a belief therein.

17.

The allegations contained in Paragraph XVII of the Complaint are denied.

18.

In Paragraph XVIII, plaintiff reiterates all of the allegations contained in the previous paragraphs of his Complaint. Accordingly, REC re-alleges and re-avers all answers and defenses set forth in response to those previous paragraphs.

19.

The allegations contained in Paragraph XIX of the Complaint are denied.

**RESPONSE TO JURY DEMAND**

REC acknowledges that plaintiff has requested a jury trial, but REC reserves the right to contest plaintiff's entitlement to a jury should the facts and law warrant.

**FOURTH DEFENSE**

REC denies the allegations of any unnumbered and/or mis-numbered paragraphs, any allegations contained in the Prayer for Relief, and any allegations contained in the Complaint which have not heretofore been addressed.

**FIFTH DEFENSE**

REC avers that it was in no way responsible for the alleged incidents in question; it was not negligent.

**SIXTH DEFENSE**

The M/V LIL WEASEL and the M/V AMANDA A were at all pertinent times seaworthy and fit for the service in which they were engaged.

**SEVENTH DEFENSE**

Plaintiff's illnesses or injuries, if any, resulted from his own sole fault, and negligence and/or inattention to duty or from the fault, negligence, and/or inattention of others for whom REC is not responsible.

**EIGHTH DEFENSE**

In the alternative, REC pleads the contributory negligence of plaintiff in bar of or in diminution of any recovery.

**NINTH DEFENSE**

Further in the alternative, REC avers that plaintiff's injuries, if any, resulted from conditions which were open and obvious to plaintiff.

**TENTH DEFENSE**

REC further avers that if plaintiff sustained any injuries, which is specifically denied, said injuries were caused or brought about by the ordinary normal risks incident to his occupation, which were voluntarily assumed by the plaintiff and for which REC is in no way responsible.

**ELEVENTH DEFENSE**

If the plaintiff sustained any illnesses or injuries, which is specifically denied, then said illnesses or injuries were caused by and/or contributed to and/or aggravated by the negligence of plaintiff or others for whom REC is in no way responsible.

**TWELFTH DEFENSE**

Without waiving the above and foregoing, and further answering if same be necessary, REC avers that plaintiff's damages arose as the result of a pre-existing and/or subsequently developed physical and/or mental condition which was neither caused nor aggravated by any act or omission of REC, thus barring or mitigating any recovery by plaintiff herein.

**THIRTEENTH DEFENSE**

Further answering the plaintiff's Complaint, and as a separate and distinct defense, REC alleges that if plaintiff has sustained any injuries or illnesses, which is specifically denied, such injuries or illnesses existed before the time of his alleged accidents, and that he knew or should have known he was physically unfit and unable for the duties which he undertook to perform, all of which were not made known to REC and for which REC is not responsible.

**FOURTEENTH DEFENSE**

REC would show that if plaintiff was injured, which is specifically denied, such injury was caused by equipment and/or occurred in an area over which REC had no control or authority.

**FIFTEENTH DEFENSE**

REC pleads that any negligence for which REC is allegedly responsible, which is denied, was in no way connected with the injuries for which plaintiff seeks recovery.

**SIXTEENTH DEFENSE**

REC alleges that the plaintiff has failed to mitigate any damages he may have sustained, and his recovery is therefore defeated or mitigated.

**SEVENTEENTH DEFENSE**

While denying any liability to plaintiff whatsoever, REC further avers that any injuries alleged by the plaintiff were caused in whole or in part by the fault, acts, negligence, or omissions of a third party or parties over whom REC exercised no control or supervision and for whom REC has no responsibility or liability, such party or parties being solely and/or concurrently at fault or negligent, and in the event that it is determined that the plaintiff is entitled to recover from REC, which is denied, the plaintiff's recovery should be reduced in proportion to the degree or percentage of negligence or fault of such third party or parties.

**EIGHTEENTH DEFENSE**

REC avers that any damages allegedly sustained by the plaintiff were the result of intervening and/or superseding acts and/or causes which were the proximate and/or sole causes of those alleged damages, and for which REC, or any other person, party, or entity for which REC would be responsible, were not responsible.

## NINETEENTH DEFENSE

In the further alternative, REC specifically alleges and avers that any damages allegedly sustained by the plaintiff were due to a fortuitous event, an act of God, or *force majeure* or other circumstances beyond REC's control or responsibility and were not proximately caused by any acts or omissions on the part of REC or any other person, party or entity for whom it would be responsible.

## TWENTIETH DEFENSE

While at all times denying any negligence or fault, REC avers that any claim for punitive damages based on the alleged unseaworthiness of a vessel is barred by the U.S. Supreme Court's decision in *Dutra Group v. Batterton*.

## TWENTY-FIRST DEFENSE

More generally, as an alleged Jones Act seaman, plaintiff is not entitled to recover non-pecuniary damages, including punitive damages.

## TWENTY-SECOND DEFENSE

REC avers that plaintiff is not qualified for maintenance and cure benefits under the U.S. Fifth Circuit's decision in *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547 (5th Cir. 1968).

## TWENTY-THIRD DEFENSE

REC pleads the benefits and protections of the Limitation of Vessel Owner's Liability Act of 1851, 46 U.S.C.A. § 30501, *et seq.,* should it be held liable unto plaintiff in any regard, which is specifically denied.

## TWENTY-FOURTH DEFENSE

REC reserves the right to supplement, amend, or modify its affirmative defenses and Answer to conform to such facts as may be revealed in discovery or otherwise.

**WHEREFORE**, the premises considered, defendant, REC Marine Logistics, LLC, prays that this, its Answer, be deemed good and sufficient and that after due proceedings are had, that this Court issue judgment in REC Marine Logistics, LLC's favor and against plaintiff, dismissing plaintiff's Complaint at his cost, and that REC Marine Logistics, LLC be granted such other and further relief as equity and justice of the cause may require and permit.

Respectfully submitted:

*/s/Kyle A. Khoury*
Salvador J. Pusateri (#21036)
Kyle A. Khoury, T.A. (#33216)
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM**
1100 Poydras Street – Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Salvador.Pusateri@pjgglaw.com
Kyle.Khoury@pjgglaw.com
**Attorneys for REC Marine Logistics, LLC**